UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

   **vs**                                               **Docket No.: 8:19-cr-324-36SPF**
**GREGORY JOSE VASQUEZ MARVAL**
                                                /

**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR REASONABLE SENTENCE**

COMES NOW, the defendant, Gregory Jose Vasquez Marval, by and through undersigned counsel, and files the following sentencing memorandum requesting the imposition of a sentence below the advisory guideline range computed in the Presentence Investigative Report (PSR) as such a sentence would be sufficient, but not greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a). As grounds to support this motion, Mr. Vasquez Marval states:

**I. INTRODUCTION**

    **a. Mr. Vasquez Marval's Character and Background**

Mr. Vasquez Marval is a 30-year-old loving husband and father of four young children who worked hard scuba diving and spear fishing for seafood in the crisis-stricken Isla de Margarita, Nueva Esparta, Venezuela. Unable to make ends meet and wanting so badly to help provide the most basic needs to his family, Mr. Vasquez Marval made the very poor decision to commit the offense for which he is before this Honorable Court.

    **b. The Offense Conduct**

This case involves seven individuals, including Mr. Vasquez Marval in a fishing vessel that the United States Coast Guard interdicted in the Caribbean Sea. Subsequently, law

enforcement discovered 144 kilograms of jettisoned cocaine. The parties were eventually brought to the United States for prosecution through Tampa, Florida.

Mr. Vasquez Marval accepted responsibility early in the instant case and eagerly allowed law enforcement to debrief him shortly after his arrest in an effort to provide substantial assistance to the Government. Thereafter, he admitted his guilt through a plea agreement with the Government.

## II. GUIDELINES CALCULATION AND MOTION FOR MITIGATING ROLE

The instant offense carries a minimum term of imprisonment of ten years and a maximum term of life. A probationary term of five years of supervised release is required, however, Mr. Vasquez Marval is Safety Valve eligible. Mr. Vasquez Marval's advisory guideline range, as calculated in the Presentence Investigation Report (PSR) falls at a total offense level of 29 with a criminal history category I. As such, the PSR's advisory guidelines range is 87 months to 108 months.

Mr. Vasquez Marval respectfully requests this Honorable Court grant his motion for a two-level reduction for his role in the offense as a minor participant because his role in the conspiracy was "less culpable than most other participants in the criminal activity," but not minimal. *See* U.S.S.G. §3B1.2 Application Note 5.

Regarding Mitigating Role, Application note (3) to U.S.S.G. §3B1.2, states:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the

> defendant performed and the responsibility and discretion the
> defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the
> criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. §3B1.2 Application Note 3(C) 2015

Mr. Vasquez Marval was a minor participant in the conspiracy because, among other things, he was merely a crewmember on a drug-transporting vessel. He was unaware of the scope and structure of the organization (factor i). He did not participate in planning or organizing the drug smuggling (factor ii). He had no decision-making authority, nor did he have influence over decision making (factor iii). Mr. Vasquez Marval simply followed orders and had no discretion (factor iv). Lastly, he was to be paid very little compared to the drugs' value (factor v).

Additionally, the last two above-referenced paragraphs in U.S.S.G§3B1.2 Application Note 3(c), support this Honorable Court granting a minor role adjustment because again, Mr. Vasquez Marval did not have a proprietary interest in the drug smuggling and was merely offered to be paid to perform certain tasks as directed. He should not be held responsible to the same extent as the organizers of this trip, the financiers, nor the drugs' owners and buyers – all of whom are more culpable than he. To hold Mr. Vasquez Marval to the same degree of culpability as those individuals would make mitigating role meaningless.

Should this Court grant a two-level reduction for mitigating role, Mr. Vasquez Marval would also qualify for an additional three-level reduction under U.S.S.G. §2D1.1(a)(5) bringing his total offense level to a 24 with a guideline prison range of 51 to 63 months.

### III. MOTION FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

As this Honorable Court is well aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory. *United States v. Booker*, 543 U.S. 220, 245-267, 125 S. Ct 738 (2005). The use of the guidelines in a roll other than advisory violates the defendant's Sixth Amendment rights. *Booker* at 244-245. Further, there is no legal presumption that the Guidelines sentence should apply. *Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456 (2007).

A district court has the ability and authority to impose a sentence, merely "because the case warrants a different sentence…" regardless of the range calculated by the guidelines. A sentencing court may impose any sentence it deems appropriate as long as the court properly calculates and considers the guidelines along with the sentencing factors of 18 U.S.C. § 3553(a), before reaching its final decision. *Id.*

As further explained below, Mr. Vasquez Marval respectfully suggests that an individualized consideration of the 18 U.S.C. § 3553(a) factors supports the imposition of a below-guidelines sentence.

**a. Nature and circumstances of the offense and the history and characteristics of Mr. Vasquez Marval.**

Without downplaying the seriousness of this offense, Mr. Vasquez Marval's background plays a significant role in his involvement. Venezuela is in the midst of a humanitarian crisis – one that has not spared Mr. Vasquez Marval and his young family. Desperate to provide to his starving family, he made the decision to commit the crime for which he is before the Court. Unfortunately, that desperate decision to participate in a drug-smuggling venture resulted in a much greater tragedy to his young family – the absence of a father and husband.

Mr. Vasquez Marval was born in Margarita Island, Nueva Esparta, Venezuela, an island in the Caribbean Sea north of the mainland. From a young age, Mr. Vasquez Marval helped

support his family by working with his grandfather on a small fishing boat. Despite everyone's efforts, food was scarce, and clothing was minimal. To say the least, life was a struggle. Eventually, when he was in the eighth grade, Mr. Vasquez Marval was forced to leave school to fish full-time.

Up until his arrest, Mr. Vasquez Marval lived on Margarita Island working as a fisherman (diving for conchs and spear fishing) earning nearly nothing. He lived there in a home that lacks running water with his parents, siblings, wife and their three children – 10 people (Mr. Vasquez Marval's wife was pregnant when he departed and has since given birth to their fourth child who is now about 3.5 months old). Wanting to provide a better life for his family and afford medical care for his two-year-old son, Emmanuel who has a hernia, Mr. Vasquez Marval accepted an offer of $3000 US dollars for a successful smuggling trip.

**b. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Unquestionably, Mr. Vasquez Marval recognizes the seriousness of this offense and realizes this Honorable Court should and will punish him accordingly. Factors are present in this case, however, that sufficiently mitigate and support a sentence below the guidelines. As his family's only financial contributor, Mr. Vasquez Marval's wife and children will suffer immeasurably while he is incarcerated. A multiple-year prison sentence given to a non-violent, first-time offender who, after serving such sentence will be deported, will certainly reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

## IV. CONCLUSION

For all the reasons set forth above, Mr. Vasquez Marval respectfully requests that this Honorable Court sentence her to a below-guidelines sentence. In the words of Justice Kennedy in *Koon v. United States*, "It has been uniform and constant in the federal judicial tradition for the

sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States,* 518 U.S. 81, 113 (1996). A multi-year prison sentence is "sufficient, but not greater than necessary" to impose a just punishment upon Mr. Vasquez Marval.

Respectfully Submitted,

*/s/ Summer Rae Goldman*
Summer Rae Goldman
FBN: 0494615
Goldman Wetzel, PLLC
915 1st Ave. North
St. Petersburg, FL 33705
Telephone: (727) 828-3900
Facsimile: (727)828-3901
Summer@goldmanwetzel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 2, 2020, a true and correct copy of the foregoing was furnished using the CM/ECF system with the Clerk of Court, which will send notice of the electronic filing to the following:

Nicholas G. DeRenzo, AUSA

*/s/ Summer Rae Goldman*
Summer Rae Goldman